UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                    )
                                          )
    CHARLES M. MEESE            )    Case No. 06-10934-SSM
    THERESA E. GORDON           )    Chapter 13
                                          )
          Debtors           )

**MEMORANDUM OPINION**

A hearing was held on March 28, 2007, on confirmation of the modified plan filed by the debtors on February 13, 2007.[1]  Gerald M. O'Donnell, the chapter 13 trustee, and Tony A. Rivenbark, a creditor, filed objections to confirmation.

The trustee's objection was basically mathematical: the proposed plan funding of $475.00 per month for the remaining 57 months would not be sufficient for the trustee to make the distributions required by the plan.  The trustee advised that for the plan to work, the payments would have to be increased to $520.00 for the remaining 54 months.  Counsel for the debtors advised the court that his clients agreed to the increase.  Accordingly, the confirmation order will reflect that figure.

Mr. Rivenbark is a creditor who obtained a judgment against debtor Charles M. Meese in the General District Court of Arlington County, Virginia, on November 22, 2005, in the amount of $14,000.00, together with interest at 6% from the date of the judgment and $62.00 in costs. The judgment was docketed on January 3, 2006, in the clerk's office of the

---

[1] This was the third plan proposed by the debtors.  Prior plans filed on August 28, 2006, and November 30, 2006, were denied confirmation.

Circuit Court of Arlington County. Mr. Rivenbark has filed a timely proof of claim as a secured creditor, and his objection relates to the motion included in the plan to avoid his judgment lien against the debtors' residence located at 1205 South Columbus Street, Arlington, Virginia, under § 522(f), Bankruptcy Code.

In order to maximize a debtor's exemptions, the Bankruptcy Code allows a debtor to avoid—that is, set aside—certain types of liens that impair an exemption. § 522(f)(1), Bankruptcy Code. Among the liens that may be set aside are judgment liens. § 522(f)(1)(A), Bankruptcy Code. An exemption is impaired to the extent that the lien, all other liens against the property, and the exemption that the debtor could otherwise claim, exceed the value of the debtor's interest in the property. § 522(f)(2), Bankruptcy Code. Lien avoidance under § 522(f), however, proceeds on the assumption that an otherwise valid lien exists. The difficulty here is that Mr. Rivenbank does not have a lien against the property, and thus technically there is nothing to avoid. Mr. Rivenbank's judgment is against debtor Charles M. Meese only. The court has examined the deed by which the debtors hold title to the property, and it reflects that the property is owned by them as tenants by the entirety.[2] Under Virginia law, real estate held as tenants by the entireties is not liable for the debts of either spouse alone but can only be reached for their joint debts. *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951). Thus, although in Virginia the docketing of a money judgment creates a lien against any real estate owned by the judgment debtor in the

---

[2] The recitals in the deed state that the property had been acquired by debtor Charles Meese in 1980 as tenant by the entireties with a now-deceased spouse. Upon remarriage, Mr. Meese then deeded the property to himself and debtor Theresa Gordon (referred to in the deed as Theresa Elizabeth Gordon Meese) by deed dated January 4, 1994.

city or county in which the judgment is docketed, Va. Code Ann. § 8.01-458, no lien would attach to property owned as tenants by the entirety when the judgment was against only one of the spouses. Indeed, even if the parties were to divorce (which would sever the entireties estate) or the wife were to die subsequent to the filing of the bankruptcy petition (which would vest sole ownership in the husband), the automatic stay under § 362(a), Bankruptcy Code, would prevent a judgment solely against the husband from becoming a lien against the property. *Birney v. Smith (In re Birney)*, 200 F.3d 225 (4th Cir. 1999).[3]

This leaves the question of how to treat the motion to avoid the lien. Since no lien exists, technically there is nothing to avoid. However, since Mr. Rivenbark has filed a proof of claim (Claim No. 11) specifically asserting that his claim is secured by a lien against the real estate, the trustee and the debtor are entitled to an order determining that Mr. Rivenbark does not have a lien and is an unsecured creditor for the purpose of plan distributions. Accordingly, a separate order will be entered determining that the docketing of the judgment did not create a lien against the real estate and that Mr. Rivenbark's claim is that of an unsecured creditor.[4]

Date: _____         _____
                                    Stephen S. Mitchell
Alexandria, Virginia                United States Bankruptcy Judge

---

[3] Of course, if the bankruptcy case is *dismissed* or the debtor does not receive a discharge, a different case would then be presented in the event of a subsequent death or divorce. But that issue is not before the court.

[4] As an unsecured creditor, Mr. Rivenbark is entitled to interest on the judgment principal only through the filing date of the bankruptcy petition, which was August 11, 2006. *See* § 502(b), Bankruptcy Code (claim determined as of filing date of petition) and § 506(b), Bankruptcy Code (allowing post-petition interest to a fully-secured creditor).

Copies to:

Charles M. Meese
Theresa E. Gordon
1205 S. Columbus St.
Arlington, VA 22204
Debtors

David E. Jones, Esquire
11211 Waples Mill Road, Suite 210
Fairfax, VA  22030
Counsel for the debtors

Gerald M. O'Donnell, Esquire
211 North Union St., Suite 240
Alexandria, VA  22314
Chapter 13 trustee

Tony Rivenbark
847 N. Madison St.
Arlington, VA 22205-1543
Creditor